**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| AMERICAN INVENTOR TECH, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No.  6:20-cv-180 |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD | § | |
| (A KOREAN COMPANY) AND | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants*. | | |

---

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      Plaintiff American Inventor Tech, LLC ("Inventor") files this Original Complaint ("Compliant") against Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. (a Korean Company) ("SEC") (collectively "Defendants") alleging infringement as follows:

2.      **Counts 1-2:** infringement by Defendants' Android-based devices (smartphones and tablets) loaded with or running Android Pie 9.0 or higher (including Android 10.0 and subsequent future releases and/or versions which may operate and infringe in a substantially similar manner). For purposes of this Complaint, all such devices shall be collectively referred to as the "Accused Android Devices."

3.      **Count 1 – U.S. Patent No. 10,397,639**, (the **'639 Patent**) with at least **claim 1** infringed by the Accused Android Devices.  A copy of the '639 Patent is attached hereto as Exhibit A.

4.      **Count 2 - U.S. Patent No. 10,547,895** (the **'895 Patent**) with at least **claim 2** infringed by the Accused Android Devices.  A copy of the '895 Patent is attached hereto as Exhibit B.

## NATURE OF THE SUIT

5.      This is a cause of action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

6.      Plaintiff American Inventor Tech, LLC is a Texas limited liability company with its principal place of business at 7215 Bosque Boulevard, Suite 160, Waco, Texas 76710.  Inventor is the sole owner and assignee of each of the Asserted Patents, and has sole standing to file the Complaint for infringement.

7.      On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of New York with its principal offices at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

8.      On information and belief, Defendant SEA can be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

9.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a company organized and existing under the laws of the Republic of Korea with its principal offices at 129, Samsung-ro Yeongtong-gu, Suwon, Gyeonggi-do, Korea.

10.      On information and belief, Defendant SEC owns one hundred percent (100%) of SEA.

11.      Defendants SEA and SEC (collectively, "Defendants") manufacture, sell, and import into the United States the Accused Android Devices in cooperation with each other.

## JURISDICTION AND VENUE

12.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

13.     The Court has personal jurisdiction over Defendants for at least five reasons: (1) Defendants have committed acts of patent infringement in this District and elsewhere in Texas; (2) Defendants regularly do business or solicit business in this District and in Texas, including through their wholly-owned subsidiary entities; (3) Defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this District and in Texas; (4)  Defendants have purposefully established substantial, systematic, and continuous contacts with this District, including the physical location of offices here, for example, offices at 12100 Samsung Blvd, Suite 110, Austin, Texas 78754, 7300 Ranch Road 2222, Austin, Texas 78730, and 1700 Scenic Loop, Round Rock, Texas 78681, and should reasonably expect to be haled into court here; and (5) SEA has been authorized to do business in the State of Texas by the Texas Secretary of State.

14.     Furthermore, SEA has designated CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201, as its representative to accept service of process within the State of Texas. And Defendant SEC is a foreign entity such that venue is proper in any District within the United States.

15.     Defendants' ties with Texas and this District are extensive. On information and belief, Defendants have imported infringing products to the State of Texas and profit from sales made to customers located within this District and Texas.

16.     Given these extensive contacts, the Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

17.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because Defendant SEC is a foreign entity to the United States of America and because Defendants have committed acts of infringement in the District and have regular and established places of business in the District.

### The Accused Android Devices

18.     Defendants design, develop and manufacture the Accused Android Devices and sell/import them into the United States.

19.     As noted above, the Accused Android Devices include all of Defendants' Android-based mobile devices (smartphones and tablets) loaded with or running Android Pie 9.0 or higher (including Android 10.0 and subsequent future releases and/or versions which may operate and infringe in a substantially similar manner).

### COUNT 1:
### INFRINGEMENT OF U.S. PATENT NO. 10,397,639
### (Accused Android Devices)

20.     Inventor incorporates by reference the allegations in the paragraphs above.

21.     The **Claim 1 of the '639 Patent** is valid, enforceable, and was duly and legally issued.  It is entitled a presumption of validity under 35 U.S.C. § 282.

22.     Without a license or permission from Inventor, Defendants have infringed and continue to infringe on at least **Claim 1 of the '639 Patent**—directly and/or under the doctrine of equivalents—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Android Devices in violation of 35 U.S.C. § 271.

23.     The Accused Android Devices include a presentation device (smartphone or tablet), comprising: a non-transitory memory storing instructions (shown by the ability to store

instructions) and a plurality of applications including a first media player application (e.g., Google Play Movies and TV, etc.), a second media player application (e.g., YouTube, etc.), and a third application (e.g., Google Chrome, etc.); a touchscreen; and one or more processors in communication with the non-transitory memory and the touchscreen (shown by the ability to execute instructions):



24.     The Accused Android Devices include one or more processors that execute the instructions to present, utilizing the touchscreen, a first media player application window associated with the first media player application (see below).



25.     The Accused Android Devices include one or more processors that execute the instructions to detect, utilizing the touchscreen, a predetermined input:

"Use two apps at once ("split screen")

**Note**: Settings can vary by device. For more info, contact your device manufacturer.

1.  Swipe up from the bottom of your screen to the top. If you see All Apps [Apps menu], tap it.
2.  Open an app.
3.  From the bottom of your screen, swipe up to the middle.
4.  Touch and hold the app's icon.
5.  Tap **Split screen**.
6.  You'll see two screens. In the second screen, tap another app.
    **To see one app again**: Drag the bar between the apps to the top or bottom of your screen."
    https://support.google.com/android/answer/9295224?hl=en



26.      The Accused Android Devices include one or more processors that execute the instructions to, in response to the detection of the predetermined input, present, utilizing the touchscreen, a control user interface adjacent and exterior to the first media player application window associated with the first media player application, the control user interface including a plurality of non-overlapping selectable representations identifying a subset of the plurality of applications that are executed, the selectable representations including: a second media player application window representation associated with the second media player application and having a first order attribute, and a third application window representation associated with the third application and having a second order attribute.



27.     The Accused Android Devices include one or more processors that execute the instructions to detect, utilizing the touchscreen, a selection of one of the selectable representations of the control user interface including the second media player application window representation associated with the second media player application.



28.     The Accused Android Devices include one or more processors that execute the instructions to, in response to the detection of the selection of the one of the selectable representations of the control user interface, indicate that the second media player application is allowed to play one or more media streams in addition to the first media player application being allowed to play one or more other media streams, where the first media player application window associated with the first media player application is simultaneously presented, utilizing the touchscreen, with a second media player application window associated with the second media player application, such that the first media player application window is presented with at least one first input control and the second media player application window is presented with at least

one second input control, the at least one first input control and the second input control each including at least one of a play input control or a pause input control.



29.    The Accused Android Devices include one or more processors that execute the instructions to detect, utilizing the touchscreen, a selection of the at least one first input control presented with the first media player application window.



30.     The Accused Android Devices include one or more processors that execute the instructions to, in response to the detection of the selection of the at least one first input control presented with the first media player application window, present, utilizing the touchscreen, a first media stream in the first media player application window.



31.     The Accused Android Devices include one or more processors that execute the instructions to detect, utilizing the touchscreen and while the first media stream is being presented in the first media player application window, a selection of the at least one second input control presented with the second media player application window.



32.     The Accused Android Devices include one or more processors that execute the instructions to, in response to the detection of the selection of the at least one second input control presented with the second media player application window while the first media stream is being presented in the first media player application window, pause the presentation of the first media stream in the first media player application window, and present, utilizing the touchscreen, a second media stream in the second media player application window.



33.     Defendants' acts of infringement of **Claim 1 of the '639 Patent** have caused damage to Inventor, and Inventor is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271.  Defendant's infringement of Inventors' exclusive rights under the '639 Patent will continue to damage Inventor.

34.     Furthermore, **Claim 1 of the '639 Patent** does not involve a law of nature, a natural phenomenon, or an abstract idea.

35.     There is nothing abstract in the manner in which the asserted claims embody the accused functionality.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 10,547,895**
**(Accused Android Devices)**

36.     Inventor incorporates by reference the allegations in the paragraphs above.

37.     **Claim 2 of the '895 Patent** is valid, enforceable, and was duly and legally issued. It is entitled a presumption of validity under 35 U.S.C. § 282.

38.     Without a license or permission from Inventor, Defendants have infringed and continue to infringe on at least Claim 2 of the '895 Patent—directly and/or under the doctrine of equivalents—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Android Devices in violation of 35 U.S.C. § 271.

39.     Each of the Accused Android Devices is an apparatus comprised of a touchscreen, non-transitory memory storing instructions (e.g., RAM and ROM, etc.) storing instructions and circuitry in communication with the touchscreen and the non-transitory memory.  Each of the Accused Android Devices is configured to detect that a visibility condition associated with a visual component of a graphical user interface of a single application that includes at least a portion of a media stream is not met, where the visibility condition associated with the visual component of the graphical user interface is detected as not being met in the event that at least a portion of the visual component of the graphical user interface is invisible based on a change in a size of an area in which the at least portion of the visual component of the graphical user interface is displayed, and further where the change in the size of the area is changed in response to user input on the graphical user interface of the single application that changes the location of the at least the portion of the media stream in the graphical user interface of the single application.  As shown below a

media player window (e.g., YouTube media stream) of the Accused Android Device can be scrolled to a point where a current media stream is no longer visible.



40.      An Accused Android Device is capable, in the event that the visibility condition is not met, automatically avoid sending update information associated with the media stream to the touchscreen to avoid an update of the visual component of the graphical user interface that includes the at least portion of the media stream, where the avoiding the sending of the update information associated with the media stream results in the at least portion of the media stream not being played.  As shown below, as the media stream is being scrolled up, the media stream continues playing, as evidenced by the timestamp in the lower right corner of the media view, and at a point where the media stream is no longer completely visible on the display, the stream stops and returns to the beginning time value.









41.      An Accused Android Device can detect that the visibility condition is met; and in the event that the visibility condition is met, automatically send the update information associated with the media stream to the touchscreen to update the visual component of the graphical user interface that includes the at least portion of the media stream, where the sending of the update information associated with the media stream results in the at least portion of the media stream being played.  As shown below, when the media stream is scrolled back into view on the display, the media stream begins playing again at the point where the media stream previously began being scrolled out of view on the screen.







42.     Defendants' acts of infringement of **Claim 2 of the '895** Patent have caused damage to Inventor, and Inventor is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendants' infringement of Inventor's exclusive rights under the '895 Patent will continue to damage Inventor.

43.     Furthermore, asserted **Claim 2 of '895 Patent** does not involve a law of nature, a natural phenomenon, or an abstract idea.

44.     There is nothing abstract in the manner in which the asserted claims embody the accused functionality.

## REQUEST FOR RELIEF

Inventor incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a judgment that Defendants have directly infringed asserted patent claims of each of the Asserted Patents;

(b)     enter a judgment awarding Inventor all damages adequate to compensate it for Defendants' infringement of the Asserted Patents, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     issue a permanent injunction enjoining and restraining Defendants, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement of one or more of the asserted patent claims of the Asserted Patents;

(d)     enter a judgment requiring Defendants to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(e)     award Inventor all other relief that the Court may deem just and proper.

Dated: March 11, 2020                     Respectfully submitted,

Michael Benefield
Texas State Bar No. 24073408
**Buss & Benefield, PLLC**
1298 West Main Street
Greenwood, Indiana 46142
Telephone: (317) 887-0050
Facsimile: (844) 637-3650
michael@bussbenefield.com

Brian Buss
Texas State Bar No. 00798089
**Buss & Benefield, PLLC**
5011 Alba
Houston, Texas 77018
Telephone: (512) 619-4451
Facsimile: (844) 637-3650
brian@bussbenefield.com

*Counsel for Plaintiff*